

# NUMBER 13-22-00546-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS MUNICIPAL LEAGUE
INTERGOVERNMENTAL RISK POOL
A/K/A TMLIRP,                                          Appellant,

v.

JORGE OZUNA,                                          Appellee.

On appeal from the 370th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina**

This is an interlocutory appeal from the denial of a plea to the jurisdiction entered

by the 370th District Court of Hidalgo County, Texas, on November 4, 2023. On February

3, 2023, appellant Texas Municipal League Intergovernmental Risk Pool a/k/a/ TMLIRP

filed "a suggestion of mootness," which we construe as a motion to dismiss the appeal.

The motion states that the appellee who is the plaintiff below filed a nonsuit in the trial court, which the trial court granted. The trial court signed an order dismissing appellee's claim against appellant with prejudice. Appellant "suggests to this Court that this action and Appellee's claims have now become moot." *See Tex. Dep't of Family & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) ("A case is moot when a justiciable controversy no longer exists between the parties or when the parties no longer have a legally cognizable interest in the outcome."); *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010) ("As a general rule, a plaintiff may voluntarily dismiss a case—take a non-suit—at any time before all of the plaintiff's evidence other than rebuttal evidence has been introduced. When this occurs, the non-suit typically moots the case or controversy from the moment of its filing or pronouncement in open court."). We agree with appellant that this cause is now moot. *See Tex. Dep't of Family & Protective Servs.*, 644 S.W.3d at 192; *Klein*, 315 S.W.3d at 3 ("Appellate courts are prohibited from deciding moot controversies because the separation-of-powers article prohibits advisory opinions on abstract questions of law.").

The Court, having considered the documents on file and the motion to dismiss the appeal, is of the opinion that the motion should be granted. *See* TEX. R. APP. P. 42.1(a). The motion is granted. Costs will be taxed against appellant. *See* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at appellant's request, no motion for rehearing will be

entertained.

JAIME TIJERINA
Justice

Delivered and filed on the
23rd day of February, 2023.